## The State v. Monasterio.

No appeal will lie from a judgment, sentencing one prosecuted under the stat. of 2d April, 1832, for selling intoxicating liquors to a slave without the consent of his master, to forfeit any license held by him, and to be forever deprived of the right of holding such a license in future, and condemning him to pay a fine of three hundred dollars and the costs of prosecution, or to remain in jail until such fine and costs, and jail fees are paid, for a term not exceeding six months. *Per Cur:* The fine is not sufficient to give jurisdiction; the forfeiture gives no jurisdiction of itself, nor can it aid the deficiency of the fine in that respect; and the costs, being matters of course, can have no such effect.

APPEAL from the First District Court of New Orleans, *McHenry*, J. *Elmore*, Attorney General, for the State. *Budd*, for the appellant. The judgment of the court was pronounced by

Eustis, C. J. The defendant has appealed from a judgment of the First District Court of New Orleans, by which he was, after conviction, sentenced, for the offence of selling liquors to slaves, to forfeit any license or licenses he may hold under any authority of this State, and to be forever deprived of the right of obtaining and holding any such license, and was further sentenced to pay a fine of three hundred dollars, and the costs of prosecution, which fine, together with the jail costs, was to be paid into the hands of the sheriff immediately in open court after judgment, and, in default thereof, to be arrested and conveyed to jail, there to remain until said judgment be satisfied and the jail fees paid, or for a term not exceeding six months. This prosecution was under the act of 2d April, 1832, entitled "*An act more effectually to prevent slaves from obtaining spirituous or intoxicating liquors, without the consent of their masters.*"

The attorney general has moved to dismiss the appeal, on the ground that this court cannot take cognizance of it, because the fine imposed does not exceed three hundred dollars.

The proceedings against the defendant were by information in the name of the State, for the offence committed, and were criminal and not civil proceedings. The jurisdiction of this court is limited on criminal cases to questions of law alone, whenever the punishment of death or hard labor is inflicted, or when a fine exceeding three hundred dollars is actually imposed. Con. article 63.

The fine imposed is not of an amount sufficient to give the court jurisdiction. The forfeiture gives no jurisdiction of itself, nor can it aid the deficiency of the fine in that respect. The costs, being matters of course, after conviction can have no such effect, under the definite and positive limitation of the constitution.

*Appeal dismissed.*