State vs. Chapman.

APPEAL from the Ninth District Court, Parish of Tensas. Young, J.

*Steele & Garrett* for Plaintiff and Appellant.

*Wade R. Young* and *Farrar & Kruttschnitt* for Defendant and Appellee.

9596.

THE STATE OF LOUISIANA VS. W. H. CHAPMAN.

This Court has not jurisdiction of a criminal cause when the fine imposed is three hundred dollars. It must exceed that sum.

If the costs added to the fine make an aggregate of over three hundred dollars, that will not confer jurisdiction. The *fine* must exceed that sum by the express letter of the Constitution.

Insurance Company vs. Gerson et al.

The obligation to pay the costs of a criminal prosecution rests upon a convicted defendant as a necessary consequence of the conviction, and would there abide whether expressed in the judgment or not.

APPEAL from the Tenth District Court, Parish of Rapides. *Blackman*, J.

*M. J. Cunningham*, Attorney General, and *J. C. Wickliffe*, District Attorney, for the State, Appellee.

*H. L. Daigre* and *E. G. Hunter* for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J. The defendant was prosecuted for retailing spirituous liquors without a license, and on conviction was sentenced to pay a fine of three hundred dollars and the costs, and in default of payment to be imprisoned in the parish jail for sixty days.

Our jurisdiction in criminal cases is restricted to those wherein the punishment of death or imprisonment at hard labour may be inflicted or a fine exceeding three hundred dollars is actually imposed. Const. Art. 81.

The fine imposed on the defendant does not *exceed* three hundred dollars. It is exactly that sum. We have no more jurisdiction where the fine is three hundred than we should have if it was only three dollars.

The costs cannot be added to the fine so that the aggregate will make a sum within our jurisdiction because the *fine* must exceed three hundred dollars. And besides, the payment of costs by a convicted defendant or the obligations to pay them follows necessarily upon the conviction and rests upon the convicted party whether expressed in the judgment or not.

This Court has uniformly refused to assume jurisdiction in criminal causes unless they fall within the express letter of the Constitution. State vs. Brown, 27 Ann 236, and cases therein cited.

There is no motion to dismiss, but consent neither express nor implied can give us jurisdiction and therefore

The appeal is dismissed.