(36 South. 497.)

No. 15,064.

PARISH BOARD OF DIRECTORS v. HEBERT, Sheriff, et al.

(April 11, 1904.)

SHERIFFS — COMPENSATION — FEES—CRIMINAL
        MATTERS—SENTENCE—FINE.

1. The purpose of article 120 of the Constitution is to limit the amount to be paid by each parish to its sheriff for his services (save with respect to services specially mentioned) in all criminal matters, and under no circumstances can the parish be made liable beyond the limit so fixed. The purpose of Act No. 203, p. 485, of 1898, in providing that "sheriffs are hereby allowed * * * the same fees as fixed in civil matters, when a defendant is convicted and condemned to pay costs," is to allow the sheriff, in addition to the lump sum to be paid by the parish for all criminal cases, certain fees in particular cases, which are to be recovered as costs from the convicted defendants. These purposes do not conflict with each other.

2. Under the law (Act No. 99, p. 14, of 1876) in existence prior to the adoption of the present Constitution, clerks of district courts were entitled to charge fees in criminal cases, and to collect the same from the parishes when the defendants were acquitted or the prosecutions abandoned, but, where convictions were obtained they were obliged to look solely to the convicted defendants, and collect their fees as costs following the judgments of conviction. Article 122 of the Constitution provides that the clerk "shall receive no compensation from the state or parish for his services in criminal matters," and the pre-existing law is thereby affected to the extent, but no farther, that in no event can the clerk look to the state or parish for his fees in a criminal case. Act No. 99, p. 14, of 1876, in so far as it authorizes the clerk to recover costs from convicted defendants, is entirely unaffected by Act No. 203, p. 485, of 1898, which relates to costs of different officers in civil matters and costs of sheriffs in criminal cases.

3. The costs of a criminal prosecution rest upon the convicted defendant, whether expressed or not. They form no part of the judgment, and are not to be included in estimating, for the purpose of an appeal, the amount of a fine. Hence a sentence imposing a fine for a specific amount, as "inclusive of costs," is highly objectionable; and when, in such case, a controversy arises between the sheriff and clerk, seeking, on the one hand, to recover costs, which are collectible only from the convicted defendant, and the parish school board, seeking, on the other hand, to recover the fine, which inures to its benefit, it must be held that the whole amount for which the defendant is condemned is intended as a fine, and goes to the school board.

Provosty, J., dissenting.

(Syllabus by the Court.)

Appeal from Seventeenth Judicial District Court, Parish of Vermilion; Minos Thomas Gordy, Jr., Judge.

Action by the parish board of directors against J. O. Hebert, sheriff, and Simonet Le Blanc, clerk of court. From the judgment plaintiff and the clerk appeal. Modified.

Broussard, Kitchell & Bailey, for appellants. John Nugier, Jr., for appellant Simonet Le Blanc, clerk of court. Walter Brown Gordy, for appellee J. O. Hebert, sheriff.

### Statement of the Case.

MONROE, J. Plaintiffs bring this suit to recover $2,208 as the aggregate amount of fines collected by the defendant in certain criminal cases. Defendant admits that he owes $514.37, but denies further indebtedness. The parties litigant have agreed as follows:

### "Statement of Facts.

"The following facts are admitted, * * * to wit: That the aggregate of the fines imposed by the district court of Vermilion parish, and sued for herein, amounts to $2,208; that out of each fine imposed the sheriff, J. O. Hebert, retained and turned over to Simonet Le Blanc, as costs claimed by said Le Blanc, clerk of the court of the parish of Vermilion, the sum of $3.50; that in some cases said sheriff retained $5 * * * as costs claimed by the clerk; that the clerk, as shown by the record, itemized the costs actually claimed by him; that said itemized statement of the clerk illustrates the manner in which he claimed costs herein in criminal cases in which the court imposed a 'fine, inclusive of costs'; that all of the fines sued for herein, with one or two exceptions, were fines imposed on the party convicted, 'inclusive of costs': that the defendant herein, notwithstanding that he received the amount of money from the parish for work in criminal matters, as provided for by the Constitution of 1898, * * * collected as costs and retained fees, * * * as shown by the statements, * * * in the following cases, which are here given in full to illustrate the mode and manner in which he rendered his accounts on all claims sued for herein, and which form part of his answer in said suit, to wit:

"No. 1,127. State of Louisiana vs. Eveline Coleman.

"Fine, inclusive of costs, $12.50.

| | |
|---|---|
| Sheriff's com. 10%..................... | $ 1 25 |
| Dist. Atty.'s com. 20%................. | 2 25 |
| Dist. Atty.'s conviction fee........... | 5 00 |
| Executing warrant .................... | 2 00 |
| Mileage on same....................... | 1 26 |
| Bond for appearance in court.......... | 1 00 |
| Jailing .............................. | 1 00 |
| Serving 4 subpœnas.................... | 1 20 |
| Mileage on same....................... | 1 68 |
| Clerk's costs ........................ | 3 50 |
| Total amount of costs................ | $20 14 |

\*        \*        \*        \*        \*

"That the balance admitted by the defendant in his answer to be due the school board, to wit, $514.37, is the net aggregate of small balances in favor of plaintiff herein left from fines imposed in the various criminal cases set out in plaintiff's petition, after deductions for costs, * * * made by the defendant herein in the manner illustrated in the above cases, Nos. 1,127 and 1,090. It is also admitted that the charges made by the clerk and the amounts of which were received by the sheriff, defendant herein, in said criminal cases, are in conformity to Act No. 99, p. 14, of the General Assembly of Louisiana for the year 1876, regulating the fees of clerks of the courts in criminal cases, but the right of the clerk to collect the same is not admitted by the plaintiff."

The judge a quo held that the sheriff was entitled to costs in criminal cases in which the defendants were condemned to pay costs or to pay fines "inclusive of costs," but that the clerk was entitled to no costs in such cases, and that the sheriff had no right to retain any for him; and there was judgment for plaintiff in the sum of $696.30, from which the plaintiff and the clerk, alleging himself to be aggrieved, have appealed.

### Opinion.

Act No. 214, p. 423, of 1902, § 64, provides: "That all fines imposed by the several district courts for violations of law and the amounts

collected on all forfeited bonds, in criminal cases, after deducting commissions, shall be paid over by the sheriff of the parish in which the same are imposed and collected to the treasurer of the school boards in said parishes," etc. Article 120 of the Constitution reads: "The sheriff shall receive compensation from the parish for his services in criminal matters,—the keeping of prisoners, conveying of convicts to the penitentiary, insane persons to the insane asylum, service of process from another parish, and service of process or performance of duty beyond the limits of his own parish, excepted,—not to exceed $500 per annum for each representative the parish may have in the House of Representatives."

Act No. 203, p. 491, of 1898, § 5, contains the following among other paragraphs, to wit: "The sheriff's compensation is hereby fixed at $500 for each representative the parish may have in the House of Representatives as per article 120 of the Constitution of 1898. * * * The sheriffs are hereby allowed and entitled to receive the same fees as fixed in civil matters when a person is convicted and condemned to pay costs."

The purpose of article 120 of the Constitution is to limit the amount to be paid by each parish to its sheriff for his services (save with respect to services specially excepted) in all criminal matters, and under no circumstances can the parish be made liable beyond the amount so fixed. The purpose of the provision of Act No. 203, p. 485, of 1898, last above quoted, is to allow the sheriff, in addition to the lump sum to be paid by the parish for all criminal cases, certain fees in particular cases, which are to be recovered as costs from the convicted defendants; the parish being under no liability with respect thereto. These provisions do not conflict with each other, and the difficulty here presented arises from the highly objectionable manner in which sentences have been imposed in the "particular cases" referred to.

"The party convicted in a criminal prosecution must be condemned to pay the costs." Parker v. Robertson, 14 La. Ann. 249; Shaw v. Harwell, 18 La. Ann. 195; State ex rel. Barrow v. Fisher, 30 La. Ann. 514.

"Every convicted criminal should be adjudged to pay the costs of prosecution, and should be compelled to pay them if legal process can be made effective." State v. Hyland, 36 La. Ann. 709. "The obligation to pay the cost of a criminal prosecution rests upon a convicted defendant as a necessary consequence of the conviction, and would there abide, whether expressed or not." State v. Chapman, 38 La. Ann. 348. "In cases where the appellate jurisdiction of the Supreme Court is determined by the amount of the fine imposed, costs are not to be included in estimating the amount." State v. Monasterio, 4 La. Ann. 380; State v. Chapman, supra. As the law now stands, where a convicted defendant is to be fined, there are at least five parties interested that the fine should be distinguished from the costs—the defendant, because his right of appeal may depend on it, and the failure to make the distinction involves that right in uncertainty; or, if he be condemned to imprisonment, or to work on the public roads, in default of the payment of the fine so imposed, he may be unlawfully imprisoned or made to work for the nonpayment of costs. State v. Brannon, 34 La. Ann. 946. The state is interested for the same reasons, and for the further reason that the fine inures to benefit of her schools, and the costs do not. The parish board of school directors is interested because it is entitled to receive the fines, but not the costs. And the sheriff and the clerk (as we shall see) because they are entitled to the costs, but not to the fines. Moreover, when the judge imposes a fine of a fixed amount as "inclusive of costs," he is proceeding in the dark, and, as appears from the case used in illustration, may impose a sentence which is irreconcilable with itself, for

how is a sentence imposing a fine, "inclusive of costs," of $12.50, to include costs amounting to $20.14? That such judgments have been rendered is much to be regretted, but we must take them as we find them. They were no doubt rendered under the authority of laws denouncing the penalty of "fine" by a judge who, in rendering them, was discharging the duty of imposing that penalty, and their primary and declared purpose and meaning was to condemn the respective defendants to pay fines; the obligation to pay the costs of the prosecutions as well being a mere incident or consequence, of which the judgments should have taken no account. Under the circumstances, and as the judgments fail to distinguish between the fines which the judge was bound to impose, and the costs, with which he had little to do, and as the defendant is unable so to distinguish, we are of opinion that he, and not the plaintiff, must suffer the loss, and that he is entitled to be credited with nothing save his commission and that of the district attorney, which, as we notice, have already been calculated upon the total amount of each judgment.

As to the clerk, article 122 of the Constitution provides that "he shall receive no compensation from the state or parish for his services in criminal matters." Under the law as it existed when the present Constitution was adopted (Act No. 99, of 1876. See Acts 1876, p. 14), clerks of the district courts were entitled to charge certain fees in criminal cases, and to collect the same from the parishes, where the defendants were acquitted or the prosecutions abandoned; but where convictions were obtained they were obliged to look solely to the convicted defendants, and collect their fees as costs following the judgments of conviction. The only change made by the above-quoted article of the Constitution is that in no case can they now look to the state or parish for the recovery of such fees. It is said that the

act of 1876 has been repealed by Act No. 203, p. 485, of 1898. There is nothing, however, in the body of the act of 1898, thus relied on, upon the subject of the fees of clerks in criminal cases; and, if there were, the provision would be unconstitutional, since the act is entitled "An act to provide a general fee bill, or bill of costs, regulating and fixing the fees and compensation allowed sheriffs, clerks and recorders, justices of the peace, constables and coroners, in all civil matters, and to provide for the collection of the same throughout the state of Louisiana, the parish of Orleans excepted, as required by article 129 of the Constitution of 1898, and fixing the fees and compensation of sheriffs throughout the state, the parish of Orleans excepted, in criminal matters."

Article 129 of the Constitution, it may be observed, refers specifically and exclusively to civil litigation. The clerks are therefore entitled to fees in criminal cases, as fixed by the act of 1896, where they can be recovered as costs from convicted defendants; but such fees are not to be deducted from "fines," which inure to the benefit of the school boards; and, for the reasons which have been stated, the clerk is entitled to nothing in cases in which the costs are included in, and are indistinguishable from, the fines, and to nothing from the parish in any criminal case.

From the admission herein quoted it will appear that in a few of the cases out of which this litigation arises the sentences were so imposed that the fines may be distinguished from the costs, and in such cases the clerk is entitled to his costs, if they have been or can be collected from the convicted defendants, over and above the fines, and the sheriff is entitled to be credited with the amounts paid to him in that behalf. How many such cases there are the transcript does not inform us, and the case must be remanded for further inquiry upon that point.

It is therefore ordered, adjudged, and de-

creed that, in so far as the judgment appealed from recognizes the right of the sheriff to recover costs in cases in which the sentences imposed fail to distinguish between fines and costs, and in so far as it denies the right of the clerk to recover costs in cases in which such distinction is made, the same is hereby annulled, avoided, and reversed; that, in so far as said judgment condemns the defendant, the same is hereby affirmed, with reservation of plaintiff's right to recover such further amounts as may be found to be due; and it is further adjudged and decreed that this case be remanded to the district court, to be proceeded with according to law and to the views herein expressed, the defendant to pay the costs heretofore incurred, and those to be hereafter incurred to await final judgment.

PROVOSTY, J., dissents, holding that the costs of the officers should be paid by preference out of the amount ordered by the court to be paid by the accused.