(68 South. 629)

No. 21195.

### LEMOINE v. POLICE JURY OF AVOYELLES PARISH.

(May 10, 1915.)

*(Syllabus by the Court.)*

CLERKS OF COURTS ⬥⇒12 — FEES — CRIMINAL CASES—VALIDITY OF STATUTE.

The Constitutions of 1879, 1898, and 1913 provide that a clerk of a district court "shall receive no compensation for his services in criminal matters." *Held*, that this prohibition applies to clerks' certificates issued to witnesses and jurors for their attendance at the trial of criminal cases, and that Act No. 37 of 1890, in so far as it makes the parishes responsible for fees for issuing such certificates, is unconstitutional.

[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. § 34; Dec. Dig. ⬥⇒12.]

Appeal from Fourteenth Judicial District Court, Parish of Avoyelles; A. J. Lafargue, Judge.

Action by Ignatius B. Lemoine against the Police Jury of Avoyelles Parish. From judgment for defendant, plaintiff appealed to the Court of Appeal, which transfers the case to the Supreme Court. Affirmed.

L. P. Gremillion, of Marksville, for appellant. S. Allen Bordelon, of Marksville, for appellee.

LAND, J. This case was transferred to this court by the Court of Appeal for the Second Circuit. As the case was decided by the district judge in favor of the defendant on the theory that Act No. 37 of 1890, on

which plaintiff relies, is unconstitutional, this court has jurisdiction. Constitutions of 1898 and 1913, Art. 85.

Plaintiff, clerk of the Fourteenth judicial district court, sued the defendant for $530.-90 for issuing 1,773 certificates of attendance to jurors and witnesses.

This demand was made pursuant to the provisions of Act No. 37 of 1890, which made it the duty of clerks of district courts, the parish of Orleans excepted, to issue certificates of attendance on the court "in all cases, free of charge to the jurors and witnesses." The second section of the act directed that police juries shall provide for the payment of the fees of the clerks now allowed by law for the issuing of said certificates.

The plaintiff claims 30 cents for each certificate, as provided in Act No. 99 of 1876, "for affixing certificate and seal of court to all other records and documents other than those herein specified." It is admitted that Act No. 99 of 1876 (Laws 1878, p. 5) is applicable, if plaintiff is entitled to fees for issuing certificates to witnesses and jurors; and it is further admitted that plaintiff issued 1,773 certificates as alleged in his petition.

It is evident that plaintiff's demand includes certificates issued to jurors and witnesses in criminal cases.

Article 121 of the Constitution of 1879 provided that a clerk of the district court "shall receive no compensation for his services in criminal matters." This prohibition is reiterated in article 122 of the Constitutions of 1898 and 1913.

This court has held that in no event can the clerk of a district court look to the state or parish for his fees in a criminal case. Parish Board of Directors v. Hebert, Sheriff, et al., 112 La. 467, 36 South. 497.

The issuing of certificates to jurors and witnesses for their attendance on the court sitting for the trial of criminal cases is a service in a criminal matter, as such attendance has no connection whatever with the trial of civil cases.

The judge a quo properly held that Act No. 37 of 1890 was unconstitutional.

Judgment affirmed.