(78 South. 564)

No. 22986.

VILLAGE OF CEDAR GROVE v. BARTMESS.

(April 1, 1918. Rehearing Denied April 29, 1918.)

*(Syllabus by the Court.)*

1. HIGHWAYS ⊕⟶151(1) — WORKING OUT STREET TAX—VALIDITY OF ORDINANCE.

A municipal ordinance, requiring every able-bodied male citizen of a prescribed age to pay a stipulated tax or work on the streets a stated number of days in each year, is not invalid merely because it reverses the order of the alternative requirements, as suggested in the statute (Act No. 17 of 1910) authorizing the municipality to compel the citizens to work on the streets or pay the tax.

2. COSTS ⊕⟶286—MAYOR'S COURT—JURISDICTION—PAYMENT OF COSTS OF PROSECUTION.

The mayor of a village, ex officio judge of the mayor's court, has authority to condemn a person, convicted of violation of a municipal ordinance, to pay the costs of the prosecution, in addition to the fine imposed.

Appeal from Mayor's Court, Village of Cedar Grove; W. E. Payne, Mayor.

U. S. Bartmess was convicted of the violation of an ordinance requiring payment of street tax or work on street, and condemned to pay the costs of the prosecution or to be imprisoned. Motion to quash affidavit overruled, and he appeals. Judgment and sentence affirmed.

Hugh C. Fisher, of Shreveport, for appellant. William C. Barnette, of Shreveport, for appellee.

O'NIELL, J. The defendant, appellant, was prosecuted for violation of a municipal ordinance requiring every able-bodied male inhabitant of the village, between the ages of 18 and 55 years, to pay a street tax of $3 per annum or work 6 days on the streets. He filed a motion to quash the affidavit, on the ground that the ordinance was ultra vires and illegal, because as he alleged, it purported to levy a street tax, whereas the legislative authority invoked—i. e., Act No. 17 of 1910—merely authorized the municipality to compel the inhabitants to work on the streets of the village. The motion was overruled, a bill of exceptions was reserved, and the defendant was tried and convicted, and sentenced to pay a fine of $10 and costs of the prosecution or be imprisoned 5 days in the village lockup. He complains, not only of the overruling of his motion to quash the affidavit, but also of being condemned to pay the costs of the prosecution.

Opinion.

[1] Act No. 17 of 1910 authorizes all incorporated towns and villages to require every able-bodied male inhabitant, between the ages of 18 and 55 years, to work on the streets, not exceeding 8 days in each year, on the summons of the street commissioner and under his supervision. The statute provides, however, that any person may be relieved of the duty of working on the streets, by paying a street tax, the amount of which shall be fixed in the municipal ordinance requiring the street duty, and shall not exceed $4 per annum. The statute further empowers the municipal authorities to provide for the punishment, by fine or imprisonment, or both, of any person who shall fail or refuse either to perform such street duty or to pay the tax.

The complaint of the appellant is that, instead of requiring, primarily, that the citizen shall work on the streets, and permitting him to be relieved of the street work by paying the tax, the ordinance requires, primarily, that the citizen shall pay the tax, and permits him to be relieved of the tax by working on the streets.

All that the statute requires, and all that concerns the citizen, in that respect, is that he shall have the option either to work on the streets or pay the tax. Whether the ordinance says that the citizen shall either work on the streets or pay the tax, or says that he shall either pay the tax or work on the streets, is only an example of the difference 'twixt tweedledum and tweedledee.

It is a matter of no importance that the ordinance complained of does not provide that the street work shall be done upon the summons and under the supervision of the street commissioner. The statute does not prescribe a form for the ordinance that the municipalities are authorized to enact. The ordinance in question conforms with all substantial requirements of the statute.

[2] The defendant's contention that the mayor of the village, ex officio judge of the mayor's court, had no authority to condemn him to pay the costs of the prosecution, is not well founded. A party convicted in a criminal prosecution must pay the costs incurred, if legal process can be made effective. See Parish Board of Directors v. Hebert, Sheriff, 112 La. 467, 36 South. 497, and the decisions there cited.

The judgment and sentence appealed from are affirmed.