423 So.2d 1121 (1982)
STATE of Louisiana
v.
Elice PARKER.
No. 82-K-1424.
Supreme Court of Louisiana.
November 29, 1982.
*1122 Kenneth S. Womack, Baker, for relator.
Paul T. Thompson, City Prosecutor, City of Baker, for respondent.
BLANCHE, Justice.
Defendant Elice Parker was charged by affidavit with operating a vehicle while intoxicated, first offense, a violation of LSA-R.S. 14:98.[1] Pursuant to a plea bargain, the *1123 defendant withdrew his original plea of not guilty and pleaded guilty as charged. Following a pre-sentence investigation, the trial court sentenced the defendant to 60 days in the parish jail, suspended on the condition that the defendant serve two years of active probation and pay a $250.00 fine and $27.50 in court costs within 30 days. The defendant's probation was subject to the following conditions: (1) "stay out of trouble," (2) undergo blood analysis, (3) undergo hair analysis, (4) undergo Kirlean photography analysis, (5) receive counseling, (6) undergo schooling to learn to read and write, (7) "upgrade his profession," and (8) attend meetings of Alcoholics Anonymous. The defendant was to pay for the costs of the enumerated conditions by depositing into the Baker City Court "criminological fund" a sum not to exceed $200.00 per month. In order to comply with the probation and stay out of jail, the defendant would therefore be required to pay as much as $4,800.00 over the two year term. We stayed execution of the sentence pending our consideration of the defendant's application for writs to this court.
Our review of the record shows that the offense occurred under the following circumstances: during the early morning hours of December 19, 1981, the defendant's vehicle was observed proceeding in an erratic manner through Baker, Louisiana. A police officer stopped the vehicle and arrested the defendant for DWI. A photo-electric intoximeter test showed the defendant's blood alcohol level to be .2 percent.
The pre-sentence investigation shows the defendant to be 31 years of age and nearly illiterate, but hard working and cooperative. He has held the same job as a warehouseman for the past seven and one-half years and presently earns $5.00 per hour. He is the sole support of his aged mother, with whom he lives, and provides child support of $150 per month for his three minor children who live with his former wife. The defendant is in good health, is active in his religion, participates in hobbies, and has exhibited a positive community attitude. Since his arrest on this charge, the defendant has remained current in his child support payments and has regularly attended meetings of Alcoholics Anonymous. Although he has no prior felony convictions, the defendant does have several minor offenses on his record: disturbing the peace in 1968, littering in 1972, simple battery in 1977, and another DWI in 1977. The record does not reflect whether any of these charges resulted in convictions.
We exercised our supervisory jurisdiction and granted writs in this case to examine the defendant's contentions that the sentence is excessive, illegal, and an abuse of the trial court's discretion. Our primary consideration in granting writs was to assess the validity of the onerous burden created by the excessive conditions placed on the defendant's probation. We find the 60 day suspended jail term, $250 fine, and assessment of court costs of $27.50 to be valid under the law. However, we must vacate the entire sentence because the two-year probationary period and its attendant conditions are illegal.
In this case, the 60 day jail term and the $250 fine are well within the statutory limits of LSA-R.S. 14:98(B)(1), and it is well-founded in our law that court costs may be assessed against a criminal defendant. State v. Chapman, 38 La.Ann. 348 (La.1886). Also, under La.C.Cr.P. art. 894(A), the trial judge is authorized to suspend any portion of the jail term imposed. Accordingly, there is nothing wrong with this portion of the sentence. However, under art. 894(A), the term of a probationary period may not exceed one year where the jail term which has been suspended is less than 90 days.[2] Therefore, since the defendant *1124 was only sentenced to 60 days, the trial judge erred in requiring defendant to serve a two year probationary term. Accordingly, the probationary term is illegal, and we must vacate the entire sentence. On remand, as a condition of the suspension, the trial judge may place the defendant on unsupervised probation for no more than one year.[3]
Pursuant to our original purpose in granting writs in this case, we now examine the propriety of the trial judge's actions in placing such conditions on the defendant's probation. In our opinion, the trial judge abused his great discretion in so conditioning the probation for the following reasons: (1) the $200 per month payment is not reasonably related to the defendant's rehabilitation; (2) the Baker City Court "criminological fund" was created illegally; (3) neither the trial judge nor the Baker City Court "criminology department" are authorized under law to prescribe a course of treatment for the defendant.

1.
In the past, we have consistently afforded the trial judge a wide latitude in the imposition of probationary conditions, as long as the conditions are reasonably related to the rehabilitation of the individual and do not constitute excessive, cruel, or unusual punishment. La. Const. art. 1, sec. 20; La.C.Cr.P. arts. 894, 894.1; State v. Morgan, 389 So.2d 364 (La.1980); State v. Davis, 375 So.2d 69 (La.1979); State v. Credeur, 328 So.2d 59 (La.1976). This discretion is not without its bounds, however. We cannot countenance the imposition of sentences under conditions which heap an unjust burden upon the generally impecunious criminal defendant. In this case, we are of the opinion that the $200 per month payment is not reasonably related to the defendant's rehabilitation.
The trial judge, obviously motivated by good intentions, has sought to use the criminal justice process to root out the causes of criminal conduct in order that they might be eliminated. The judge has hoped that the tests which he has ordered the defendant to undergo might signal some organic reason for the defendant's behavior, allowing for proper treatment in order that he might continue to contribute as a productive member of society. While these may be laudable and worthwhile goals, the imposition of conditions upon a probation which will cost the defendant nearly $5,000 in order to stay out of jail may actually be counter-productive to the basic intention of probationthat being that the defendant can be better rehabilitated if not incarcerated.
The defendant is already burdened with fixed expenses which consume the larger part of his disposable income. He is the sole support of his aged mother. He has had some difficulty in paying the $150 per month in child support, and this was one of the stated reasons for his intoxication on the night of the offense. He felt depressed over the fact that he was having some difficulty in providing support for his loved ones. In this instance, the $200 per month *1125 requirement is not in fact reasonably related to the rehabilitation of the individual. It is readily apparent that the requirement is so burdensome that it would actually endanger Parker's rehabilitation.

2.
In our view, the actions of the trial judge in creating the Baker City Court "criminological fund" operated to circumvent a legislatively-created statutory scheme regulating the payments of fines and costs by criminal defendants prosecuted in city court.
The trial judge ruled ex parte as follows:
"There is hereby created a criminological fund, fixed and assessed as costs [to the defendant], payable by each defendant placed on [a]ctive [p]robation, at the monthly rate of $200, payable as long as defendant is on probation.
These funds will be used by the court to provide services to said defendant as prescribed by the criminology department and as approved by the judge.
Said sum may be reduced, changed, or exempted as the judge may direct.
To all Article 894 sentencing shall be attached a cost for counseling fee of $20.00, except for first traffic offenders."
There already exist statutory provisions for the handling of fines and costs which may be assessed by the trial court in city prosecutions. LSA-R.S. 13:1899 provides that payment of costs assessed to a defendant are to be paid into the city treasury when the prosecution is on behalf of a city. As to matters specifically before the Baker City Court, R.S. 13:2488.34 provides that all fines and penalties, excluding costs, shall be paid into the city treasury. R.S. 13:2488.36 provides that in all criminal matters, including traffic violations, costs assessed by the trial judge onto the defendant shall be paid into the city's general fund. Therefore, any costs or fines payable by the defendant in this case were payable to the treasury or general fund of the city of Baker. In creating the Baker City Court "criminological fund," the trial judge failed to confine his exercise of the judicial power to its proper scope and usurped the legislative prerogative as to the proper allocation of costs and fines assessed in criminal proceedings in city courts. For these reasons, we deem the fund to have been created illegally.

3.
In our opinion, neither the trial judge nor the Baker City Court "criminology department" is authorized by law to prescribe a course of treatment for the defendant.
Under LSA-R.S. 15:1132, the Department of Corrections is authorized to administer "necessary medical tests" in connection with reports used for sentencing purposes, such as the pre-sentence investigation, or where the defendant has been placed under Department supervision. Under La.C.Cr.P. art. 894(A), a defendant may be placed under the supervision of the Department of Corrections only where the suspended jail term exceeds 90 days. Since the defendant had only been sentenced to 60 days, and also because the tests here ordered were a condition of probation rather than as part of the sentencing procedure, these tests could not be conducted under the auspices of the Department of Corrections. Therefore, the authorization for such testing could only come from an "authorized treatment facility" as provided in LSA-R.S. 14:98.
R.S. 14:98(B)(2) allows the trial court, in addition to a fine and jail term, to order the defendant to undergo treatment at a substance abuse facility "as defined in R.S. 28:2(28)," which provides as follows:
* * * * * *
"(28) `Treatment facility' means any public or private hospital, retreat, institution, mental health center or facility licensed by the state of Louisiana in which any mentally ill person or person suffering from substance abuse is received or detained as a patient. It shall also include Veterans Administration and public health hospitals. Treatment facility includes, but is not limited to, the following, which shall be selected with consideration of first, medical suitability; second, least restriction of the person's liberty; *1126 third, nearness to the patient's usual residence; and fourth, financial or other status of the patient:
(a) Community mental health center.
(b) Private clinics.
(c) Public or private halfway houses.
(d) Public or private nursing homes.
(e) Public or private general hospitals.
(f) Public or private mental hospitals.
(g) Detoxification centers.
(h) Substance abuse clinics.
(i) Substance abuse in-patient facility."
* * * * * *
Since the Baker City Court "criminology department" does not fall within the statutory definition of "substance abuse treatment facility," the trial judge had no authority to order that the defendant avail himself, at a cost of $200 per month, of the services "prescribed by the criminology department". For these reasons, we deem the order that the defendant undergo tests, counseling, and schooling "as prescribed by the criminology department" to have been given without authority of law.
In conclusion, we find that the trial judge abused his discretion in imposing such onerous conditions on the defendant's probation. The large monthly payment required in order for the defendant to comply with the terms of the probation and remain out of jail is not reasonably related to the rehabilitation of the individual. If anything, it represents such an onerous burden that it is actually counter-productive to the basic intention of probation. Additionally, we deem the Baker City Court "criminological fund" to have been created illegally since there is already a legislative scheme regulating the payment of costs and fines for criminal prosecutions in city courts. Also, there exists no authority under law for the judge or the criminology department to prescribe the ordered tests as "treatment." Finally, the entire probationary period, with its attendant conditions, is illegal under La. C.Cr.P. art. 894(A) since the judge could only impose a maximum probationary period of one year.

DECREE
For these reasons, that portion of the sentence which imposes a 60 day suspended jail term, $250 fine and $27.50 in court costs is valid under the law. However, because the two-year probationary period and its attendant conditions are illegal, we must vacate the entire sentence and remand the case to the trial court for consideration of a probationary term of proper duration and possible permissible conditions thereon under La.C.Cr.P. art. 894, and for further proceedings in accordance with the law and in a manner not inconsistent with this opinion.
VACATED AND REMANDED.
NOTES
[1] LSA-R.S. 14:98 provides the following as to first offenders:

"A. The crime of operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, vessel or other means of conveyance while under the influence of alcoholic beverages, narcotic drugs, central nervous system stimulants, hallucinogenic drugs or barbiturates.
B. On first conviction, the offender shall be fined not less than one hundred dollars nor more than four hundred dollars. The court may, in addition, impose one of the following penalties:
(1) Imprison the offender in the parish jail for nt less than thirty days nor more than six months; or
(2) Order the offender to undergo treatment at a substance abuse treatment facility as defined in R.S. 28:2(28)."
[2] La.C.Cr.P. art. 894(A) provides:

"A. When a defendant has been convicted of a misdemeanor, except criminal neglect of family, the court may suspend the imposition or the execution of the whole or any part of the sentence imposed and place the defendant in unsupervised probation upon such conditions as the court may fix, where suspension is not prohibited under this law. Such suspension of sentence and probation shall be for a period of one year or such shorter period as the court may specify.
When a suspended sentence in excess of ninety days is imposed, the court may also place the defendant on probation under the supervision of the Department of Corrections, division of probation and parole for a period not in excess of two years and upon such conditions as the court may fix.
The court may suspend a misdemeanor sentence after the defendant has begun to serve the sentence."
* * * * * *
We recognize that art. 894 was amended on July 18, 1982 by Acts 1982 No. 270 to allow the trial judge to place a defendant on probation for two years even if the suspended jail term is less than 90 days. To apply this provision retroactively, however, would have the effect of an ex post facto law and violate La. Const. art. 1, sec. 23. See State ex rel. Bickman v. Dees, 367 So.2d 283 (La.1978); State v. Sepulvado, 342 So.2d 630 (La.1977).
[3] In accordance with art. 894(A) as it read prior to the 1982 amendment.