BROWN, Judge,
dissenting.
Applicant, an attorney, was found guilty of constructive contempt of court for failure to appear before a grand jury pursuant to subpoenas. She asserted the subpoenas were invalid for failure to state the title of the case as required by LSA-C.Cr.P. Art. 733. Neither the article nor the Louisiana jurisprudence supports her contention. The subpoenas were valid and applicant should have complied with them.
Applicant notified the trial court, prior to the grand jury date, that she intended to seek writs to review denial of her motion to quash the first subpoena and denial of a hearing date to contest the second subpoena on the same grounds. A return date was set. Applicant did not mail or file her application before the return date had passed. No stay order was obtained from the trial court or this court prior to the grand jury date. Applicant’s failure to appear at the grand jury constituted constructive contempt of court. The trial court did *1192 not err in so finding. State v. Meyer, 375 So.2d 372 (La.1979).
Applicant was sentenced to a fine of $500 or 50 days in jail in lieu of payment of the fine and 130 days in jail with 40 days suspended and 6 months of probation with conditions to refrain from violating laws and from being in contempt of court and to pay all costs of court. The trial court in its Per Curiam stated that applicant “had flagrantly violated the law” and that applicant’s “statement that she did not willfully disobey the subpoenas simply made no sense to the court.” The trial court further stated that the sentence was imposed “because of the seriousness of the offense and because of defendant’s attitude that if the courts would not relieve her of complying with the subpoenas, she would just ignore them.” The trial judge was in the best position to determine the appropriate punishment and his decision should not be reversed absent abuse of discretion. This court should not substitute its opinion for that of the trial judge when we were not present or faced with the problems of the trial court. The sentence in this case is not excessive. (Costs of court may be imposed in addition to the maximum fine since costs are not a part of the punishment. Landy v. Hoepfner, 840 F.2d 1201 (5th Cir.1988); Parish Bd. of Directors v. Hebert, 112 La. 467, 36 So. 497 (1904).)
I would remand for execution of sentence.